UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARCUS I. SNELL,

                    Plaintiff,

           v.                                              CAUSE NO. 3:21-CV-205 DRL-MGG

HEAVILIN *et al.*,

                    Defendants.

OPINION AND ORDER

Marcus I. Snell, a prisoner without a lawyer, filed a complaint about an alleged use of force at Indiana State Prison. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint[1] and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

---

[1] After Mr. Snell filed the complaint, he submitted an affidavit of support with declarations from two other prisoners. ECF 6. The court did not consider those submissions when evaluating the complaint because a plaintiff may not amend a complaint in a piecemeal fashion. *See* N.D. Ind. L.R. 15-1 (requiring that an amended pleading "reproduce the entire pleading as amended" rather than simply incorporating a prior pleading by reference). Moreover, the additional declarations are unnecessary at the pleading stage because, here, they simply repeat the allegations in the complaint, which the court accepts as true at this stage. *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Conversely, courts may consider exhibits attached to the complaint. *See* Fed. R. Civ. P. 10(c). The complaint references several exhibits, but the exhibits were not filed, so aren't considered.

Mr. Snell alleges that in the late night hours of September 7 or early morning hours of September 8, 2020, he was selected for a random cell search. ECF 1 at ¶¶ 12-13. He was cuffed and watching correctional officers search his cell when Sergeant Heavilin approached, yelling, "What the fuck is in your hand?" and aggressively grabbed his arm. *Id.* at ¶ 14. Mr. Snell explained that it was a mask that he had forgotten to put on in his rush to comply with the cell search. *Id.* at ¶ 15. Sergeant Heavilin took the mask, dropped it on the floor, and walked away mumbling. *Id.* at ¶ 16. Then he started antagonizing Mr. Snell and calling him a "fag." *Id.* at ¶ 17.

When the search was completed, Mr. Snell returned to his cell, but the officers conducting the search did not have the key to the handcuffs. ECF 1 at ¶ 18. Sergeant Heavilin came and uncuffed Mr. Snell's left wrist. *Id.* at ¶ 19. As Mr. Snell turned to allow him to uncuff the right wrist, Sergeant Heavilin yanked the cuffs, pulled Mr. Snell's right arm through the food slot, and twisted, exclaiming, "I'm going to break your fucking arm now nigger!" *Id.* at ¶¶ 19-20. The twisting was painful, and the handcuff cut into Mr. Snell's wrist, making it bleed. *Id.* at ¶ 21.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Mr. Snell the benefit of the inferences to

which he is entitled, he has stated a claim against Sergeant Heavilin for using excessive force.

Mr. Snell alleges that Sergeant Jones watched Sergeant Heavilin assault him without intervening. ECF 1 at ¶ 23. State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir.2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). Mr. Snell may proceed against Sergeant Jones for failure to intervene.

Mr. Snell alleges that after the assault, none of the officers present, including Sergeant Jones and Sergeant Heavilin, provided him access to medical attention, despite the pain and swelling of his arm and his bleeding wrist. ECF 1 at ¶ 24. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v.*

*Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Mr. Snell has plausibly alleged claim against Sergeant Jones and Sergeant Heavilin for deliberate indifference to his serious medical needs.

The next day, Mr. Snell began the grievance process with an informal grievance about the assault and the denial of medical care. ECF 1 at ¶ 25. He asserts that the grievance triggered Sergeant Heavilin and Lieutenant Maclin to retaliate against him by filing a conduct report against him. *Id.* at ¶ 37. Mr. Snell contends the conduct report was retaliatory because it was submitted a month and a half after the incident, but under prison policy, it should have been submitted within 24 hours of the incident. *Id.* at ¶ 36. Mr. Snell contends the conduct report was not written until after Sergeant Heavilin was contacted during the grievance investigation. *Id.* at ¶ 39.

To state a First Amendment retaliation claim, Mr. Snell must allege "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citation omitted). "A prisoner has a First Amendment right to make grievances about conditions of confinement." *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010). Mr. Snell has stated a plausible First Amendment retaliation claim against Sergeant Heavilin and Lieutenant Maclin.

Mr. Snell also sues Joshua Wallen, the prison official who processed his grievances. Mr. Snell contends Mr. Wallen's investigation into his grievances was deficient. Inmates

have no general right to have constitutional violations investigated after the fact. *Daniel v. Cook Cnty.*, 833 F.3d 728, 736 (7th Cir. 2016). A lawsuit against an individual under § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). At the time of an investigation, the alleged violation has already occurred. "[T]he alleged mishandling of [plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Therefore, Joshua Wallen must be dismissed.

For these reasons, the court:

(1) GRANTS Marcus I. Snell leave to proceed against Sergeant Heavilin in his individual capacity for compensatory and punitive damages for using excessive force following a cell search on September 7 or 8, 2020, in violation of the Eighth Amendment;

(2) GRANTS Marcus I. Snell leave to proceed against Sergeant Jones in his individual capacity for compensatory and punitive damages for failing to intervene in Sergeant Heavilin's use of excessive force following a cell search on September 7 or 8, 2020, in violation of the Eighth Amendment;

(3) GRANTS Marcus I. Snell leave to proceed against Sergeant Heavilin and Sergeant Jones in their individual capacities for compensatory and punitive damages for deliberate indifference to a serious medical need following the use of excessive force on September 7 or 8, 2020, in violation of the Eighth Amendment;

(4) GRANTS Marcus I. Snell leave to proceed against Sergeant Heavilin and Lieutenant Maclin in their individual capacities for compensatory and punitive damages

for filing a conduct report against him in retaliation for Mr. Snell filing grievances about the use of excessive force and denial of medical care on September 7 or 8, 2020, in violation of the First Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Joshua Wallen;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sergeant Heavilin, Lieutenant Maclin, and Sergeant Jones at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sergeant Heavilin, Lieutenant Maclin, and Sergeant Jones to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

July 26, 2021                                     *s/ Damon R. Leichty*
                                                  Judge, United States District Court