UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARCUS I. SNELL,

    Plaintiff,

v.                                                              CAUSE NO. 3:21-CV-205 DRL-MGG

HEAVILIN *et al.*,

    Defendants.

## OPINION AND ORDER

Marcus I. Snell, a prisoner without a lawyer, is proceeding on four claims: (1) an Eighth Amendment claim against Sergeant Heavilin for an alleged use of excessive force in the overnight hours of September 7, 2020; (2) an Eighth Amendment claim against Sergeant Jones for failing to intervene in the alleged use of excessive force; (3) an Eighth Amendment claim against those two defendants for deliberate indifference to his injuries following the alleged use of force; and (4) a First Amendment claim against Sergeant Heavilin and Lieutenant Maclin for retaliating against him for filing a grievance about the alleged use of excessive force. ECF 8.

Mr. Snell now asks for leave to file an amended complaint, ECF 25, within the time frame the court set for amending the pleadings, ECF 20. "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (quoting Fed. R. Civ. Pro. 15(a)). Because justice so requires in this case, the motion will be granted and the proposed amended complaint will be separately docketed.

Under 28 U.S.C. § 1915A, the court must nevertheless review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Snell seeks to amend his complaint because he has identified other correctional officers—Sergeant Eric Mayer and Officer Casey Lamier—who were also present during the alleged use of excessive force and did not intervene or get him medical attention afterwards for his injuries. ECF 25-1 at ¶¶ 13-25. The factual allegations do not otherwise change, so it is unnecessary to repeat the details of the incident, which are available in the court's prior screening order. ECF 8. Therefore, Sergeant Mayer and Officer Lamier will be added as defendants to the claim for failing to intervene and the claim for deliberate indifferent to Mr. Snell's injuries.

Mr. Snell also seeks to add claims against a new defendant, Dr. Marthakis. He alleges that he suffers ongoing pain and complications from the September 2020 injury to his hand; but, when he saw Dr. Marthakis in March 2021 and later, she allegedly provided constitutionally deficient care. ECF 25-1 at ¶¶ 46-71.

The potential medical claims against Dr. Marthakis are too unrelated to the claims stemming from the alleged used of excessive force to proceed in the same lawsuit. "[U]nrelated claims against different defendants belong in different suits," *George v.*

2

*Smith*, 507 F.3d 605, 607 (7th Cir. 2007), and where there are limited connections between claims the court can order severance or dismissal without prejudice, *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 864 (7th Cir. 2018). Claims in a single lawsuit must be related, either because the same person is involved in each claim or because the claims all stem from the same transaction or occurrence and there is a common question of law or fact. Fed. R. Civ. P. 18(a), 20(a)(2) Here, there is an arguable link among the claims because they all stem from the alleged use of excessive force in September 2020. However, the evidence needed to prove the excessive force, failure to intervene, denial of immediate medical care, and retaliation claims is very different from the evidence needed to prove that a medical professional's treatment of the injury six months later was constitutionally deficient. In fact, whether Sergeant Heavilin actually used excessive force is irrelevant to whether Dr. Marthakis provided constitutionally adequate care for Mr. Snell's hand. The potential claim against Dr. Marthakis is not sufficiently related to the other claims to remain in this lawsuit. If Mr. Snell wishes to proceed against Dr. Marthakis, he will have to file a separate lawsuit, subject to the usual requirements of the Prisoner Litigation Reform Act. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (district courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants").

This order adds two new defendants for a total of five defendants in this lawsuit. The prior three defendants have already entered an appearance. Therefore, service of the amended complaint on their attorneys is permitted by Federal Rule of Civil Procedure 5(a)(1)(B) and 5(b)(1). The claims against those three defendants are unchanged.

Therefore, they do not need to file answers to the amended complaint. On the other hand, the new defendants will be served by the United States Marshals Service unless they waive service. The new defendants must also respond to the amended complaint.

For these reasons, the court:

(1) GRANTS the motion to amend the complaint (ECF 25);

(2) DIRECTS the clerk to separately docket the proposed amended complaint (ECF 25-1) as an amended complaint;

(3) GRANTS Marcus I. Snell leave to proceed against Sergeant Ryan Heavilin in his individual capacity for compensatory and punitive damages for using excessive force following a cell search on September 7 or 8, 2020, in violation of the Eighth Amendment;

(4) GRANTS Marcus I. Snell leave to proceed against Sergeant Latrice Jones, Sergeant Eric Mayer, and Officer Casey Lamier in their individual capacities for compensatory and punitive damages for failing to intervene in Sergeant Heavilin's use of excessive force following a cell search on September 7 or 8, 2020, in violation of the Eighth Amendment;

(5) GRANTS Marcus I. Snell leave to proceed against Sergeant Ryan Heavilin, Sergeant Latrice Jones, Sergeant Eric Mayer, and Officer Casey Lamier in their individual capacities for compensatory and punitive damages for deliberate indifference to a serious medical need following the use of excessive force on September 7 or 8, 2020, in violation of the Eighth Amendment;

(6) GRANTS Marcus I. Snell leave to proceed against Sergeant Ryan Heavilin and Lieutenant Chester Maclin in their individual capacities for compensatory and punitive

damages for filing a conduct report against him in retaliation for Mr. Snell filing grievances about the use of excessive force and denial of medical care on September 7 or 8, 2020, in violation of the First Amendment;

(7) DISMISSES all other claims;

(8) DISMISSES Dr. Marthakis;

(9) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Eric Mayer and Casey Lamier at the Indiana Department of Correction, with a copy of this order, the original screening order (ECF 8), and the complaint (ECF 25-1);

(10) ORDERS the Indiana Department of Correction provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(11) ORDERS, under 42 U.S.C. § 1997e(g)(2), Eric Mayer and Casey Lamier to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

January 27, 2022                              *s/ Damon R. Leichty*
                                              Judge, United States District Court