UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARCUS I. SNELL,

    Plaintiff,

v.

HEAVILIN *et al.*,

    Defendants.

CAUSE NO. 3:21-CV-205-DRL

OPINION AND ORDER

Marcus I. Snell, a prisoner without a lawyer, is proceeding in this case on four claims. First, he is proceeding "against Sergeant Ryan Heavilin in his individual capacity for compensatory and punitive damages for using excessive force following a cell search on September 7 or 8, 2020, in violation of the Eighth Amendment[.]" ECF 28 at 4. Second, he is proceeding "against Sergeant Latrice Jones, Sergeant Eric Mayer, and Officer Casey Lamier in their individual capacities for compensatory and punitive damages for failing to intervene in Sergeant Heavilin's use of excessive force following a cell search on September 7 or 8, 2020, in violation of the Eighth Amendment[.]" *Id.* Third, he is proceeding "against Sergeant Ryan Heavilin, Sergeant Latrice Jones, Sergeant Eric Mayer, and Officer Casey Lamier in their individual capacities for compensatory and punitive damages for deliberate indifference to a serious medical need following the use of excessive force on September 7 or 8, 2020, in violation of the Eighth Amendment[.]" *Id.* Fourth, he is proceeding "against Sergeant Ryan Heavilin and Lieutenant Chester Maclin in their individual capacities for compensatory and punitive damages for filing a conduct

report against him in retaliation for Mr. Snell filing grievances about the use of excessive force and denial of medical care on September 7 or 8, 2020, in violation of the First Amendment[.]" *Id.* at 4-5.

Mr. Snell filed a motion for summary judgment. ECF 59. The defendants filed a response, and Mr. Snell filed a reply. ECF 66, 68. The defendants then filed their own motion for summary judgment. ECF 69. Mr. Snell filed a response, and the defendants filed a reply. ECF 73, 75. The summary judgment motions are now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

2

      A.     *Excessive Force Claim against Sgt. Heavilin.*

Mr. Snell is proceeding against Sergeant Heavilin for using excessive force against him following a cell search on September 7, 2020. The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To survive summary judgment, a plaintiff must put forth evidence that "support[s] a reliable inference of wantonness in the infliction of pain." *Id*. at 322. The core requirement for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). In determining whether the intent was malicious, relevant factors include how much force was needed versus how much was actually used; the extent of injury inflicted; whether the force was needed because of a risk to someone's safety; and whether the officers made efforts to limit the severity of the force. *McCottrell v. White*, 933 F.3d 651, 663 (7th Cir. 2019).

Mr. Snell argues the undisputed facts show Sgt. Heavilin used excessive force against him, while Sgt. Heavilin argues the undisputed facts show he used a reasonable amount of force to regain control of Mr. Snell. ECF 59-4 at 2-3; ECF 70 at 7-9. The parties agree that Mr. Snell was handcuffed during a shakedown of his cell the night of September 7, 2020, and Sgt. Heavilin was asked to remove the handcuffs after the shakedown. ECF 66-1 at 1; ECF 73 at 3-4, 13. The parties also agree that Sgt. Heavilin removed the handcuff on Mr. Snell's left hand, and Mr. Snell then turned to present the right cuff to Sgt. Heavilin. *Id.*

At that point, the parties' accounts differ. Sgt. Heavilin attests that, as he was removing the second handcuff, Mr. Snell attempted to pull him into the cell door, and after a brief struggle he was able to remove the second handcuff. ECF 66-1 at 1. Alternatively, Mr. Snell argues that, while he was turning around to present the right cuff to Sgt. Heavilin, Sgt. Heavilin unexpectedly and forcefully pulled his arm through the cuff port, cursed at him, threatened him, twisted his arm, and attempted to break his arm, causing him extreme pain. ECF 73 at 4, 13. Mr. Snell argues he was fully compliant and there was no need for any application of physical force whatsoever. *Id.* at 13.

Here, a reasonable jury could credit Mr. Snell's version of events and conclude Sgt. Heavilin used excessive force by pulling his arm through the cuff port and twisting his arm despite the fact he was not resisting. Alternatively, a reasonable jury could credit Sgt. Heavilin's version of events and conclude his use of force was a good faith effort to maintain and restore order. Both parties argue the surveillance video of the incident supports their version of the facts, but a reasonable jury could conclude the video supports either Sgt. Heavilin's or Mr. Snell's version of events. ECF 63. Specifically, the video contains no audio track and does not clearly indicate who initiates the use of force. Accordingly, there is a disputed material fact whether Sgt. Heavilin used excessive force against Mr. Snell. Summary judgment must be denied on this claim.

B.   *Failure to Intervene Claim against Sgt. Jones, Sgt. Mayer, and Officer Lamier.*

Mr. Snell is proceeding against Sgt. Jones, Sgt. Mayer, and Officer Lamier for failing to intervene in Sgt. Heavilin's use of excessive force on September 7, 2020. State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor]

4

from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable for failure to intervene. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). A bystander officer may be held liable for the excessive force of another officer if the bystander officer "(1) had reason to know that a fellow officer was using excessive force or committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring." *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009).

The defendants argue they are entitled to summary judgment because Sgt. Heavilin did not use excessive force against Mr. Snell. ECF 70 at 10. However, as discussed above, there is a disputed material fact whether Sgt. Heavilin used excessive force against Mr. Snell. The defendants also argue "the entire incident lasts for only a short time, and no reasonable jury could conclude that Defendants had time nor opportunity to ascertain from their vantage point that the struggle between Snell and Heavilin was a use of excessive force and not a struggle instigated by Snell." *Id.* However, the surveillance video shows the officers were in the immediate vicinity while Sgt. Heavilin applied force against Mr. Snell for approximately forty seconds.[1] If a jury was to credit Mr. Snell's testimony that Sgt. Heavilin grabbed his arm, cursed at him, twisted his arm, and threatened to break his arm during the use of force, it could reasonably conclude the defendants had reason to know Sgt. Heavilin was using excessive force and

---

[1] The surveillance video appears to show that only two other correctional officers are present during Sgt. Heavilin's use of force. *See* ECF 63. But the defendants do not argue that any named defendant was not present for the use of force. *See* ECF 70 at 10.

5

had a reasonable opportunity to intervene. Therefore, summary judgment must be denied on this claim.

   C. *First Amendment Retaliation Claim against Sgt. Heavilin and Lt. Maclin.*

Mr. Snell is proceeding against Sgt. Heavilin and Lt. Maclin for filing a conduct report against him in retaliation for filing grievances about the use of excessive force and denial of medical care on September 7, 2020. To prevail on a First Amendment retaliation claim, a plaintiff must show "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). To demonstrate causation, the plaintiff must show "a causal link between the protected act and the alleged retaliation." *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (quotations omitted).

The defendants argue they did not retaliate against Mr. Snell for filing a grievance because the undisputed facts show Sgt. Heavilin wrote the incident report on September 8, 2020, shortly after the incident occurred and before he received any notice of Mr. Snell's grievance. ECF 70 at 5-6. Therefore, the defendants argue, Mr. Snell's grievance could not have been a motivating factor in Sgt. Heavilin's decision to write an incident report. *Id.*

In his response, Mr. Snell argues Sgt. Heavilin did not write the incident report on September 8, 2020, but rather wrote the incident report at a later date and backdated the report to make it seem like it was written before he received the grievance. ECF 73 at 9-11. But Mr. Snell does not offer any evidence in support of this argument other than his

6

own speculation. Specifically, Mr. Snell argues (1) he was not presented with the incident report until October 21, 2020, and (2) he was prevented from reviewing the computer database for conduct reports entered into the system on September 8, 2020. *Id.* But neither of these assertions dispute Sgt. Heavilin's attestation that he wrote the incident report on September 8, 2020. *See* ECF 66-1 at 2. Instead, Mr. Snell seeks only to question Sgt. Heavilin's credibility, which is insufficient to create a genuine dispute. *See Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) ("[W]hen challenges to witness' credibility are *all* that a plaintiff relies on, and he has shown no independent facts—no proof—to support his claims, summary judgment in favor of the defendant is proper") (emphasis in original); *see also Dugan v. Smerwick Sewerage Co.*, 142 F.3d 398, 406 (7th Cir. 1998) ("[T]he prospect of challenging a witness' credibility is not alone enough to avoid summary judgment."). Thus, because it is undisputed Sgt. Heavilin wrote the conduct report on September 8, 2020, before he received any grievance from Mr. Snell, no reasonable jury could conclude Sgt. Heavilin submitted his incident report in retaliation for Mr. Snell's filing of a grievance. Summary judgment is therefore warranted in favor of Sgt. Heavilin and Lt. Maclin on this claim.

   D. *Deliberate Indifference Claim against Sgt. Heavilin, Sgt. Jones, Sgt. Mayer, and Officer Lamier.*

Mr. Snell is proceeding against Sgt. Heavilin, Sgt. Jones, Sgt. Mayer, and Officer Lamier for deliberate indifference to a serious medical need following the use of excessive force on September 7, 2020. Mr. Snell argues summary judgment is warranted in his favor because he requested medical attention from the defendants after the use of force and

showed them cuts, bruises, and swelling on his arm, but was required to wait four days to see a nurse. ECF 59-4 at 4. The defendants argue summary judgment is warranted in their favor because Mr. Snell did not appear to need emergent care, and any delay in receiving medical care did not have a detrimental effect on his condition. ECF 70 at 6-7.

To establish liability under the Eighth Amendment, a prisoner must show (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to his medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994.) When, as here, a plaintiff alleges a delay in providing medical care, the plaintiff must also produce "verifying medical evidence" that the delay had a detrimental effect. *Langston v. Peters*, 100 F.3d 1235, 1240-41 (7th Cir. 1996) (agreeing with the Eighth Circuit that "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place *verifying medical evidence* in the record to establish the detrimental effect of delay in medical treatment to succeed"). Thus, an "action will not lie unless the plaintiff introduces verifying medical evidence that shows his condition worsened because of the delay." *Knight v. Wiseman*, 590 F.3d 458, 466 (7th Cir. 2009); *see also Williams v. Liefer*, 491 F.3d 710, 714-15 (7th Cir. 2007) (stating that plaintiff must "offer 'verifying medical evidence' that the delay (rather than the inmate's underlying condition) caused some degree of harm").

Mr. Snell's medical records show he was seen by a nurse on September 11, 2020, for complaints of right arm pain. ECF 59-1 at 12-14. The nurse noted that Mr. Snell had a contusion on his right forearm which was discolored and swollen, along with scabbed-over abrasions on his right wrist. *Id.* at 13. He reported his pain was mild and that he did

8

not require pain medication. *Id.* The nurse suspected some irritation to his radial nerve, and instructed him to monitor his condition for four weeks and return to the medical unit if his symptoms persisted. *Id.* at 14.

Here, Mr. Snell has not provided any verifying medical evidence that any delay in receiving medical care caused his condition to worsen or had any detrimental effect. *See Langston*, 100 F.3d at 1240-41; *Knight*, 590 F.3d at 466. Specifically, it is undisputed Mr. Snell did not receive any treatment or medication once he was seen by a nurse on September 11, 2020, and was instructed only to monitor his condition and return in four weeks if his symptoms persisted. Thus, the undisputed evidence shows the four-day delay in sending Mr. Snell to the medical unit did not have any effect on his condition. Accordingly, because there is no medical evidence that the delay had a detrimental effect on Mr. Snell, no reasonable jury could find the defendants' conduct amounted to a constitutional violation. *See Langston*, 100 F.3d at 1240-41. Summary judgment is thus warranted in favor of the defendants on this claim.

For these reasons, the court:

(1) DENIES Mr. Snell's motion for summary judgment (ECF 59) in its entirety;

(2) GRANTS IN PART the defendants' motion for summary judgment (ECF 69) with respect to Mr. Snell's Eighth Amendment deliberate indifference and First Amendment retaliation claims but DENIES it in all other respects;

(3) DISMISSES Lieutenant Chester Maclin from this case; and

(4) REMINDS the parties this case is now proceeding only on Mr. Snell's remaining claims:

    i. against Sergeant Ryan Heavilin in his individual capacity for compensatory and punitive damages for using excessive force following a cell search on September 7, 2020, in violation of the Eighth Amendment; and

    ii. against Sergeant Latrice Jones, Sergeant Eric Mayer, and Officer Casey Lamier in their individual capacities for compensatory and punitive damages for failing to intervene in Sergeant Heavilin's use of excessive force following a cell search on September 7, 2020, in violation of the Eighth Amendment.

SO ORDERED.

March 2, 2023

                                                 *s/ Damon R. Leichty*
                                                 Judge, United States District Court